UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>T. FOSS, et al.,<br><br>　　　　　Defendants. | Case No. 20-05450 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner at the Salinas Valley State Prison ("SVSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at SVSP. Dkt. No. 1. The matter was transferred to this Court from the Eastern District on August 3, 2020. Dkt. Nos. 6, 7. Plaintiff was directed to file a signed complaint, Dkt. No. 8, and a signed complaint was filed on November 25, 2020. Dkt. No. 19. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. No. 16.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that ever since he was transferred to SVSP on September 12, 2018, he has been targeted by staff and inmates, as upon his arrival he was placed in a flooded cell, his food has been spiked with unknown substances, his mail has been censored, and he has been subjected to retaliation. Dkt. No. 19 at 4. Plaintiff claims the individuals involved are Defendants Warden, T. Foss, Lt. R. Diaz, Sgt. Covarrubius, and Correctional Officers J. Lopez, Kelley, and J. Ramos. *Id.* at 1-2. Plaintiff claims four causes of action: (1) retaliation for filing lawsuits and grievances; (2) failure to protect claims; (3) state law claim under California Civil Code §§ 52 and 52.1; and (4) state tort claim for intentional infliction of emotional distress. Dkt. No. 19 at 8-11. Plaintiff seeks damages.

#### 1. First Amendment - Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's allegations against Defendants J are insufficient to state a retaliation claim because he fails to satisfy the second and third elements above.

2

Plaintiff claims that the adverse actions occurred from the first day he arrived at SVSP. He claims that his transfer to SVSP was by the Warden of High Desert State Prison and Defendant Foss, the Warden at SVSP, acting in concert "for the express purpose of" engaging in adverse actions against him. Dkt. No. 19 at 4. However, this allegation is purely speculative and conclusory with no facts given in support. Furthermore, Plaintiff fails to allege sufficient facts establishing that Defendants began to take adverse actions against him immediately upon his arrival at SVSP "because of" his protected conduct, *i.e.*, filing lawsuits and grievances. The only allegation of Plaintiff engaging in protected conduct is a grievance he filed against Defendants Kelley, Lopez, and Ramos <u>after</u> they had already incited inmates to take his property and threaten him. Dkt. No. 19 at 6. Accordingly, it cannot be said that Defendants took adverse action "because of" a grievance Plaintiff filed against them when the alleged adverse action took place <u>before</u> the protected conduct. Nor has Plaintiff stated sufficient facts to establish each element for a retaliation claim against Defendants Diaz and Covarrubius for their alleged actions in connection with his grievance and failure to investigate his allegations. *Id.* at 6-7. Accordingly, this first cause of action shall be dismissed with leave to amend for Plaintiff to attempt to state sufficient facts to satisfy all the elements for a retaliation claim.

### 2. **Eighth Amendment Claim – Failure to Protect**

Plaintiff claims that due to Defendants acts and omissions, he remains in an "on-going state of imminent, serious or mortal injury at the hands of [his] fellow inmates" due to his identification by other inmates as a "snitch." Dkt. No. 19 at 9-10.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates

the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

Plaintiff's allegation that Defendants Lopez, Kelley, and Ramos informed inmates that Plaintiff was a "snitch" and thereby incited them to harm him is sufficient to state a failure to protect claim under the Eighth Amendment. Dkt. No. 19 at 5-6. Plaintiff's allegations that Defendants Foss and Diaz merely moved him to another building but still in the same yard, and that Defendants Diaz and Covarrubius failed to conduct a meaningful investigation into his claim such that a known threat of serious or mortal injury remains are also sufficient to state a failure to protect claim against them.

### 3. State Law Claims

Lastly, Plaintiff asserts state law claims under California Civil Code sections 52 and 52.1, also known as the Bane Act, and section 3294 for intentional infliction of emotional distress under his third and fourth causes of action. Dkt. No. 19 at 10-11. The Court will also exercise supplemental jurisdiction over these state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

The Bane Act, codified at California Civil Code § 52.1, subd. (a), provides that if a person interferes, or attempts to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of the constitutional or statutory rights of any individual or individuals, the Attorney General, or any district or city attorney, may bring a civil action for equitable or injunctive relief. *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 841

(2003). Subdivision (b) allows "[a]ny individual" so interfered with to sue for damages. *Id.* Plaintiff claims Defendants interfered with his rights under the First, Eighth, and Fourteenth Amendments and the California constitution. Dkt. No. 19 at 10. The claim based on the First Amendment appears to be related to Plaintiff's retaliation claim in so much as Defendants' adverse actions allegedly "chilled" Plaintiff's exercise of his First Amendment rights. However, the Eighth Amendment is proscriptive and does not set forth any rights that can be "exercised" or "enjoyed." With respect to the Fourteenth Amendment, Plaintiff fails to allege any facts indicating that Defendants interfered with his right to due process or equal protection. Accordingly, the Bane Act claims based on the Eighth Amendment and Fourteenth Amendments are DISMISSED for failure to state a claim.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's claim under the Bane Act based on interference with his rights under the Eighth and Fourteenth Amendments are DISMISSED failure to state cognizable claims. The Court finds the complaint states a cognizable claim under the Eighth Amendment for failure to protect (second cause of action) and remaining state law claims as discussed above. *See supra* at 3-4.

2. The First Amendment retaliation claim is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to attempt to state sufficient facts to state a First Amendment retaliation claim against any named Defendant. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-05450 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may

5

not make references to the original complaint.  Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**In the alternative**, Plaintiff may file notice that he wishes to strike the retaliation claim from the original complaint and proceed solely on the failure to protect claim and state law claims found cognizable above.

3. **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in this matter proceeding solely on the cognizable claims discussed above without further notice to Plaintiff.**

**IT IS SO ORDERED.**

Dated:  _January 6, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.20\05450Lamon_dwlta

6