1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BARRY LOUIS LAMON, | Case No. 20-05450 BLF (PR) |
|---|---|
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |
| v. | |
| T. FOSS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner at the Salinas Valley State Prison ("SVSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against SVSP prison staff. Dkt. No. 1. The matter was transferred to this Court from the Eastern District on August 3, 2020. Dkt. Nos. 6, 7. The Court dismissed the complaint with leave to amend. Dkt. No. 20. Plaintiff filed "partial objections" to the Court's order, Dkt. No. 21, and then an amended complaint, Dkt. No. 22, which is now before the Court for an initial screening.

## DISCUSSION

**A.**  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

This action is based on alleged violations of Plaintiff's rights after he transferred to SVSP on September 12, 2018. In the original complaint, Plaintiff asserted four causes of action: (1) retaliation for filing lawsuits and grievances; (2) failure to protect claims; (3) state law claim under California Civil Code §§ 52 and 52.1; and (4) state tort claim for intentional infliction of emotional distress. Dkt. No. 19 at 8-11.

In the initial screening order, the Court found Plaintiff stated sufficient facts to state an Eighth Amendment claim for failure to protect, and exercised supplemental jurisdiction over some of Plaintiff's state law claims and dismissed others. Dkt. No. 20 at 4, 5. The Court found Plaintiff failed to allege sufficient facts to state a cognizable retaliation claim under the First Amendment and granted leave to amend for Plaintiff to attempt to state sufficient facts to correct this deficiency. *Id.* at 3. Because the Court did not dismiss all of Plaintiff's state law claims, Plaintiff's "objections" to the dismissal of his state law claims is unwarranted. Dkt. No. 21.

In the amended complaint, Plaintiff names the following Defendants: Warden T. Foss, Lt. R. Diaz, Sgt. Covarrubius, Correctional Officer J. Lopez, Correctional Officer J. Ramos, and Correctional Officer Kelley. Dkt. No. 22 at 1-2. He asserts four causes of actions: (1) retaliation in violation of the First and Fourteenth Amendments; (2) failure to

2

protect in violation of the Eighth and Fourteenth Amendments; (3) California Civil Code §§ 52 and 52.1; and (4) intentional infliction of emotional distress (Cal. Civ. Code § 3294). Dkt. No. 22 at 9-12. Plaintiff seeks injunctive relief as well as damages. *Id.* at 12.

### 1. **Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff claims that on the day he arrived at SVSP, September 12, 2018, he was placed in a flooded cell and was given meals that made him sick because it was known that he was a snitch. Dkt. No. 22 at 4-5. Plaintiff claims these actions were part of a "broad pattern of retaliation" against him. *Id.* at 5. That same day, he informed Defendants Lopez, Kelley, and Ramos that he was having "suicidal ideations due to the constant emotional pressure caused by the stress of the pattern of retaliatory abuses" to which "they and the other staff" were subjecting him. *Id.* While he was speaking with the mental health clinician in a holding cell, Plaintiff claims that Defendants Kelly, Ramos, and Lopez opened his cell and told other inmates they could take whatever they wanted in retaliation for Plaintiff complaining about their abuses. *Id.* at 6. Plaintiff claims Defendants' actions on September 12, 2018, violated his "right to freedom of expression under the First Amendment." *Id.* at 9. Plaintiff also claims Defendants Diaz and Covarrubius later informed staff and inmates about the content of Plaintiff's grievances filed against them. *Id.* at 7. Plaintiff claims that Defendants' actions in response to his filing of numerous grievances thereafter "would have chilled a person of ordinary firmness from the future exercise of their stated First Amendment rights," and "served no reasonable… legitimate penological goal." *Id.* Liberally construed, these allegations are sufficient to state a cognizable retaliation claim against Defendants Lopez,

3

Kelly, Ramos, Diaz, and Covarrubius. However, although Plaintiff states that his first cause of action is against "all defendants," there are no specific allegations that Defendant Foss was involved in the retaliatory actions described. Accordingly, the Court finds the amended complaint fails to state a cognizable retaliation claim against Defendant Foss.

Plaintiff asserts that his first cause of action for retaliation is based on the "First and Fourteenth Amendments." Dkt. No. 22 at 9. However, a retaliation claim is grounded in the chilling of the exercise of one's First Amendment rights, *see Rhodes*, 408 F.3d at 567-68, and does not involve the violation of any Fourteenth Amendment right. Specifically, the Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995). The Fourteenth Amendment also includes an Equal Protection Clause that commands "that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 2016 (91982)). The amended complaint contains no allegation involving the denial of Plaintiff's rights to due process or equal protection under the Fourteenth Amendment.

To the extent that Plaintiff is attempting to state a due process claim for the deprivation of property, he fails to state a claim. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). Assuming as true the allegation that inmates were allowed to enter Plaintiff's cell and take his property, this deprivation of

4

property was clearly an unauthorized act rather than authorized under prison regulations. The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Based on the foregoing, the retaliation claim based on the Fourteenth Amendment must be dismissed for failure to state a claim for relief. Plaintiff may seek relief for the loss of property in state court.

### 2. **Failure to Protect**

Plaintiff claims that he faced a substantial threat of serious or mortal injury from other inmates because he was identified as a snitch and that Defendants failed to take adequate steps to protect him from such threats of harm. Dkt. No. 22 at 5, 7-8.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff

5

faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

Plaintiff's allegation that Defendants Lopez, Kelley, and Ramos informed inmates that Plaintiff was a "snitch" and thereby incited them to harm him is sufficient to state a failure to protect claim under the Eighth Amendment. Plaintiff's allegations that Defendant Diaz merely moved him to another building but still in the same yard, and that Defendants Foss, Diaz, and Covarrubius remained "studiously indifferent" to Plaintiff's warnings about the treats against him, Dkt. No. 22 at 8, and failed to conduct a meaningful investigation into his claim are also sufficient to state a failure to protect claim.

Plaintiff asserts that Defendants' failure to protect him also violates the Fourteenth Amendment. Dkt. No. 22 at 10. However, there is no indication that Defendants' actions with respect to his safety violated Plaintiff's right to due process or equal protection. Accordingly, this claim under the Fourteenth Amendment must also be dismissed for failure to state a claim.

### 3. State Law Claims

Lastly, Plaintiff asserts state law claims under California Civil Code sections 52 and 52.1, also known as the Bane Act, under his third cause of action, and section 3294 for intentional infliction of emotional distress under his fourth cause of action. Dkt. No. 22 at 11-12. Liberally construed, Plaintiff's allegations are sufficient to state a claim for intentional infliction of emotional distress.

Plaintiff's claims under the Bane Act, however, shall be limited to the deprivation of his First Amendment right. The Bane Act, codified at California Civil Code § 52.1, subd. (a), provides that if a person interferes, or attempts to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of the constitutional or statutory rights of any individual or individuals, the Attorney General, or any district or city attorney, may bring a civil action for equitable or injunctive relief. *Venegas v. County of*

*Los Angeles*, 32 Cal.4th 820, 841 (2003). Subdivision (b) allows "[a]ny individual" so interfered with to sue for damages. *Id.* Plaintiff claims Defendants interfered with his rights under the First, Eighth, and Fourteenth Amendments and the California constitution. Dkt. No. 22 at 11. The allegation that Defendants interfered with Plaintiff's First Amendment rights are sufficient to state a claim under the Bane Act. However, the Court already dismissed the Bane Act claims based on the Eighth Amendment and Fourteenth Amendments for failure to state a claim: the Eighth Amendment is proscriptive and does not set forth any rights that can be "exercised" or "enjoyed," and Plaintiff fails to allege any facts indicating that Defendants interfered with his right to due process or equal protection under the Fourteenth Amendment. Dkt. No. 20 at 5. Accordingly, the Bane Act claims based on the Eighth Amendment and Fourteenth Amendments are DISMISSED for failure to state a claim.

The Court will exercise supplemental jurisdiction over the state law claims for intentional infliction of emotional distress and the Bane Act for interference with Plaintiff's First Amendment rights. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Court finds the amended complaint states cognizable claims under the First Amendment for retaliation, the Eighth Amendment for failure to protect, and state law claims for intentional infliction of emotional distress and the Bane Act for interference with Plaintiff's First Amendment rights.

Plaintiff's claim that his rights under the Fourteenth Amendment were violated are DISMISSED for failure to state a claim. Plaintiff's state law claim under the Bane Act based on interference with his rights under the Eighth and Fourteenth Amendments are also DISMISSED failure to state a claim. These claims are **DISMISSED without leave to amend** because Plaintiff was already afforded one opportunity to amend and the Court

7

finds no good cause to grant him another opportunity where the deficiencies from the original complaint remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, this action shall proceed on the cognizable claims in the amended complaint stated above.

    2.    The following defendants at SVSP shall be served:

        a.    **Warden T. Foss**

        b.    **Lt. R. Diaz**

        c.    **Sgt. Covarrubius**

        d.    **Correctional Officer J. Lopez**

        e.    **Correctional Officer R. Ramos**

        f.    **Correctional Officer Kelley**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No. 22 (amended complaint), a copy of the court's "Order of Dismissal with Leave to Amend, Dkt. No. 20, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21

days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential

9

element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: __June 22, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\BLF\CR.20\05450Lamon_svc.FAC

10