United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. FOSS, et al.,<br><br>　　　　Defendants. | Case No. 20-05450 BLF (PR)<br><br>**ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS; DIRECTING PLAINTIFF TO PAY THE FULL FILING FEE**<br><br>(Docket No. 32) |

Plaintiff, a California inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP"). On October 8, 2020, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 16. The Court found the amended complaint, Dkt. No. 22, stated cognizable claims and ordered service on Defendants. Dkt. No. 23. On August 12, 2021, Defendants filed a motion to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g), and a request for judicial notice. Dkt. No. 32. Plaintiff was given an opportunity to oppose the motion but has filed no response, as Defendants have noticed the Court. Dkt. No. 37. Plaintiff has had no further communication with the Court since he filed a notice of change of address

on August 16, 2021.[1] Dkt. No. 34.

For the reasons discussed below, Defendants' motion to revoke Plaintiff's IFP status is **GRANTED**. Plaintiff is granted fourteen (14) days to pay the full filing fee or the case will be dismissed without prejudice.

## DISCUSSION

A.  **28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed *in forma pauperis*) "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the Ninth Circuit gave some guidance in *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) ("*Andrews I*"). The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Id.* at 1121. A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it

---

[1] Defendants' motion was served on Plaintiff at the new address indicated on his notice. *See* Dkt. No. 32 at 12; Dkt. No. 34.

2

was frivolous, malicious or failed to state a claim." *Id.* at 1121. Defendant bears the burden of establishing that Plaintiff has three or more qualifying dismissals under § 1915(g) (or "strikes"), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. *Id.* at 1120.

A court may count as strikes dismissals of district court cases as well as dismissals of appeals. *See Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)). But the dismissal of an appeal may count as a strike only if based on a qualifying reason under § 1915(g). Consequently, an appellate decision that simply affirms the district court, and does not dismiss the appeal on a qualifying reason under § 1915(g), does not count as a separate strike. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1045 (9th Cir. 2016); *see also Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (dismissed appeal counts as strikes if appellate court relied on district court findings that appeal was not taken in good faith).

"Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." *Andrews I*, 398 F.3d. at 1120. The prisoner must be given notice of the potential disqualification under § 1915(g) -- by either the district court or the defendants – but the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.*

B.   **Plaintiff's Prior "Strikes"**

In support of their motion, Defendants submit 16 exhibits with the Declaration of Deputy Attorney General Anthony Tartaglio, counsel for Defendants. Dkt. No. 32-1. The exhibits contain extracts from the record of several § 1983 actions filed by Plaintiff in the Eastern District of California and related appeals filed in the Ninth Circuit. *Id.* Defendants request judicial notice of these exhibits under Federal Rule of Evidence 201(b)(2), as the authenticity of these documents "is not subject to reasonable dispute" because they "can be accurately and readily determine from sources whose accuracy

3

cannot reasonably be questioned." Dkt. No. 32 at 2. Furthermore, a district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her pro se status). Accordingly, the request is GRANTED.

Defendants assert that the following three cases constitute strikes: (1) *Lamon v. Adams, et al.*, No. 1:07-cv-01390 (E.D. Cal. Dec. 27, 2004) ("*Adams*"); (2) *Lamon v. Allison, et al.*, No. 2:18-cv-02218 (E.D. Cal.) ("*Allison*"); and (3) *Lamon v. Gomez, et al.*, CV-F-98-6089 (E.D. Cal.) ("*Gomez*"). Dkt. No. 32 at 5-7. In addition, Defendants argue that Plaintiff has two additional strikes based on the following appeals in the Ninth Circuit: (1) *Lamon v. Pliler, et al.,* Case No. 06-16710 (9th Cir.) ("*Pliler*"); and (2) *Lamon v. Tilton, et al.*, Case No. 09-15552 (9th Cir.) ("*Tilton*"). Dkt. No. 32 at 7-8.

### 1. *Adams*

Defendants assert that *Adams* constitutes a strike because it was dismissed as duplicative of another lawsuit, *Lamon v. Tilton, et al.,* 1:07-cv-00493 (E.D. Cal.), and barred by res judicata. *See* Tartaglio Decl., Ex. 1 at 11 of 67. Defendants assert that a complaint fails to state a claim for relief when it is clearly barred by an affirmative defense, such as untimeliness. Dkt. No. 32 at 5, citing *Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015) (affirming an action was a strike when it was barred by the applicable statute of limitations). Defendants also assert that several courts have concluded that a claim can constitute a strike when it is clearly duplicative of another claim. Dkt. No. 32 at 5; *see e.g., Robison v. Weingart Transitional Ctr. Ass'n,* No. 218CV07067VAPKES, 2018 WL 6697176 (C.D. Cal. Dec. 20, 2018) (action constituted "strike" where claim was barred by collateral estoppel). Plaintiff has not filed an opposition to argue otherwise.

The Court finds that Defendants have not met their burden of showing that *Adams*

4

counts as a strike because it was dismissed for a qualifying reason under 28 U.S.C. § 1915(g), *i.e.*, on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Defendants' cited cases are not on point, and they have not pointed to any persuasive Ninth Circuit precedent to support their argument that a duplicative suit is either frivolous, malicious or fails to state a claim. Because the language of § 1915(g) is plain and unambiguous, a dismissal on a ground other than frivolousness, maliciousness, or failure to state a claim will not qualify as a strike. *Harris*, 953 F.3d at 674 (citing *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1151-52 (D.C. Cir. 2017)). As such, the Court finds that *Adams* does not count as strike under 28 U.S.C. § 1915(g).

### 2. *Allison*

Defendants assert that *Allison* counts as a strike because it was dismissed for repeated failure to comply with the Federal Rules of Civil Procedure's "short and plain statement" requirement. Dkt. No. 32 at 6. In *Allison*, the court screened Plaintiff's complaint and gave him leave to amend. Tartaglio Decl., Ex. F at 19 of 67. The court then dismissed the amended complaint and warned Plaintiff that failing to follow the court's instructions would result in dismissal. *Id.* When his second amended complaint again failed to comply with the court's instructions, the court dismissed the case. *Id.* at 22 of 67. Plaintiff has not filed an opposition to argue otherwise.

Defendants are correct. "[R]epeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013). Here, Plaintiff was provided two opportunities to correct the pleading deficiency but failed to comply, resulting in a dismissal of the action. Accordingly, the Court finds that Defendants have met their burden of showing that *Allison* constitutes a strike because it was dismissed for a qualifying reason, *i.e.*, for failure

5

to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

### 3. *Gomez*

Defendants assert that *Gomez* qualifies as a strike because Plaintiff failed to state a viable claim after being given many opportunities to amend his complaint. Dkt. No. 32 at 7. The court in *Gomez* dismissed Plaintiff's third amended complaint with leave to amend to correct various deficiencies in his pleading because none of the claims asserted were supported by sufficient factual allegations. Tartaglio Decl., Ex. 7 at 35 of 67. When Plaintiff failed to file a fourth amended complaint, the action was dismissed. *Id.* at 40, 47.

The Ninth Circuit has held that when the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017). This is what occurred here, where Plaintiff clearly failed to state any cognizable claims in the third amended complaint, was given an opportunity to amend to correct that deficiency, failed to ultimately correct the deficiency in a subsequent response, which resulted in a dismissal that now may count as a strike. Accordingly, the Court finds that *Gomez* constitutes a strike because it was dismissed in full for a qualifying reason, *i.e.*, for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

### 4. *Pliler*

Defendants assert that the appeal in *Pliler* counts as strike because the appeal was dismissed after the district court certified that Plaintiff had not taken the appeal in good faith. Dkt. No. 32 at 7. When the Ninth Circuit requested the district court to certify whether Plaintiff had taken the appeal in good faith, the district court concluded that he had not. Tartaglio Decl., Ex. 11 at 50 of 67. As a result, the Ninth Circuit revoked Plaintiff's IFP status and ordered him to pay the full filing fee for the appeal. *Id.*, Ex. 12 at 54 of 67. After Plaintiff failed to pay the filing fee, the Ninth Circuit dismissed his appeal. *Id.*, Ex. 13 at 56 of 67. Defendants assert that such a dismissal constitutes a strike.

Defendants are correct. *See Knapp*, 738 F. 3d at 1110 ("The dismissed appeals clearly count as strikes because they relied on district court findings that the appeal '[was] not taken in good faith,'… and lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity"). Accordingly, the Court finds that *Pliler* constitutes a strike because it was dismissed for a qualifying reason, *i.e.*, as frivolous. 28 U.S.C. § 1915(g).

### 5. *Tilton*

Defendants assert that the appeal in *Tilton* counts as strike because it was frivolous. Dkt. No. 32 at 8. In *Tilton*, Plaintiff asked the district court for emergency injunctive relief, alleging that prison officials had been poisoning his food, causing him excruciating pain. Tartaglio Decl., Ex. 14 at 59 of 67. However, he failed to provide any medical records in support of his allegations. *Id.* at 61 of 67. The district court denied the requested emergency relief of a transfer to a federal prison. *Id.*; *id.*, Ex. 15 at 65 of 67. When Plaintiff appealed, the Ninth Circuit summarily dismissed the appeal because "the questions raised in this appeal are so insubstantial as not to require further argument." *Id.*, Ex. 16 at 67 of 67. Defendants assert that because the Ninth Circuit summarily dismissed the appeal as frivolous, the appeal constitutes a strike. Dkt. No. 32 at 8. In support, Defendants cite to several district court decisions construing similar language used by the Ninth Circuit as constituting a dismissal as frivolous. Dkt. No. 32 at 7-8, citing *McCoy v. Stronach*, No. 1:12CV00983 AWI DLB, 2014 WL 3615621 (E.D. Cal. July 22, 2014) ("On March 10, 2010, the Ninth Circuit issued an order finding that the questions raised in the appeal were 'so insubstantial as not to require further argument.' This is a dismissal pursuant to 1915(g)."); *Bayramoglu v. Cate*, No. C 13-1094 YGR (PR), 2014 WL 3704798, at *4 (N.D. Cal. July 23, 2014) ("Here, the record shows that Plaintiff's May 22, 2013 appeal was determined to be 'so insubstantial' by the Ninth Circuit and, thus, the appeal was of so 'little weight and importance' that it constitutes a 'strike' under the frivolous prong of 28 U.S.C. § 1915(g)."). The Court agrees that the Ninth Circuit's

7

language indicates that the appeal was dismissed as frivolous. Accordingly, the Court finds that *Tilton* constitutes a strike because it was dismissed for a qualifying reason, *i.e.*, as frivolous. 28 U.S.C. § 1915(g).

Based on the foregoing, Defendants have shown that Plaintiff has suffered at least three "strikes" under § 1915(g) based on *Allison*, *Gomez*, *Pliler*, and *Tilton*. Accordingly, the instant complaint is subject to dismissal unless it appears that Plaintiff was in imminent danger of serious physical injury at the time the instant complaint was filed.

### C. Imminent Danger of Serious Physical Injury

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (holding further that imminent danger must be shown at time of filing notice of appeal to obtain IFP status on appeal). "Imminent danger" may include an ongoing danger of serious physical injury. *See Ashley*, 147 F.3d at 717 (holding that plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); *cf. Abdul-Akbar*, 239 F.3d at 315 n.1 (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger); *Medberry*, 185 F.3d at 1193 (finding no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint).

A district court should liberally construe the allegations in a complaint filed by a *pro se* prisoner facing a § 1915(g) bar, construing all allegations in favor of the complainant and crediting those allegations of "imminent danger" that have gone

8

unchallenged. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is in "imminent danger of serious physical injury"); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) (same). Plaintiff has the burden of proving that he was in imminent danger of serious physical injury at the time he filed the instant action.

Defendants assert that the imminent danger exception does not apply to Plaintiff's case. Dkt. No. 32 at 9. The Court agrees. The original complaint raised claims based on events that allegedly occurred at SVSP from September 2018 until December 2018. Dkt. No. 1 at 4-7. Plaintiff was transferred to another prison in Los Angeles County on January 1, 2019. *Id.* at 8. Plaintiff filed this action on July 29, 2020, over a year and a half later. Dkt. No. 1. Accordingly, the allegations in the original complaint fail to show that Plaintiff was in imminent danger of serious physical injury or subject to any "ongoing danger" due to Defendants' actions at the time he filed the instant action. Plaintiff filed no opposition to argue otherwise.

Based on the foregoing, Plaintiff has failed to meet his burden of showing that he was in imminent danger of serious physical injury at the time he filed the complaint or subject to an "ongoing danger." *Abdul-Akbar*, 239 F.3d at 312. Accordingly, Plaintiff is not entitled to the exception under § 1915(g), and is barred from proceeding *in forma pauperis* under § 1915(g) in this action. Plaintiff may only pursue this action if he pays the filing fee in full, and he will be given an opportunity to do so. If he does not pay the full filing fee, this case will be dismissed without prejudice to Plaintiff filing his claims in a future case in which he does pay the full filing fee.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants' motion to revoke Plaintiff's IFP status, Dkt. No. 32, is **GRANTED** pursuant to 28 U.S.C. § 1915(g).

9

2.      Plaintiff shall pay the full filing fee no later than **fourteen (14) days** from the date this order is filed.  **Failure to do so will result in the dismissal without prejudice of this action without further notice to Plaintiff.**

This order terminates Docket No. 32.

**IT IS SO ORDERED.**

Dated:  ___January 24, 2022____

BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Revoke IFP; Directing P to Pay Fee
PRO-SE\BLF\CR.20\05450Lamon_grant-mtd(1915g)

10